**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2122**

JULIE ANN HAMSTEAD,

Plaintiff - Appellant,

v.

WEST VIRGINIA STATE POLICE; THE CITY OF RANSON, WEST VIRGINIA; SARGEANT KEITH SIGULINSKY, in his official capacity; CITY OF CHARLES TOWN, West Virginia; MASTER PATROLMAN JASON NEWLIN, in his official capacity; THE WEST VIRGINIA DIVISION OF HIGHWAYS; RODNEY D. HEDRICK, SR., in his official capacity; JEFFERSON CONTRACTING, INC., a corporation; JEFFERSON ASPHALT PRODUCTS COMPANY, a corporation; DALE DEGRAVE; ALLEN SHUTTS; JOHN TIMOTHY MORRIS; WEST VIRGINIA UNIVERSITY HOSPITALS-EAST, INC, d/b/a Jefferson Medical Center; KELLY HALBERT, RN; THE CHARLES TOWN GENERAL HOSPITAL, d/b/a Jefferson Medical Center; KYLE REED KOPPENHAVER, in his official capacity,

Defendants - Appellees,

and

TROOPER D. R. WALKER, in his official capacity,

Defendant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, District Judge.  (3:18-cv-00079-JPB)

Submitted:  December 11, 2020                    Decided:  March 29, 2021

Before WILKINSON, NIEMEYER, and DIAZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Braun A. Hamstead, HAMSTEAD & ASSOCIATES, L.C., Charles Town, West Virginia, for Appellant. Keith C. Gamble, PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC, Morgantown, West Virginia, for Appellees City of Ranson and Sergeant Keith Sigulinsky. Edward Levicoff, Avrum Levicoff, THE LEVICOFF LAW FIRM, P.C., Pittsburgh, Pennsylvania, for Appellees Jefferson Contracting, Inc., Jefferson Asphalt Products Company, Dale Degrave, John T. Morris, and Allen Shutts. Monte Williams, Morgantown, West Virginia, Mark Jeffries, STEPTOE & JOHNSON PLLC, Bridgeport, West Virginia, for Appellee the West Virginia State Police. Duane Ruggier, II, Matthew Whitler, PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC, Charleston, West Virginia, for Appellees City of Charles Town and Jason W. Newlin. Michael D. Dunham, SHUMAN, MCCUSKEY & SLICER, PLLC, Winchester, Virginia, for Appellees the West Virginia Department of Highways, Kyle Koppenhaver, and Rodney D. Hedrick, Sr. Alex M. Greenberg, Morgantown, West Virginia, Jennifer O. Mitchell, DINSMORE & SHOHL LLP, Cincinnati, Ohio, for Appellees Kelly Halbert and Charles Town General Hospital. Christine S. Vaglienti, Assistant Vice President and Senior Litigation Counsel, WEST VIRGINIA UNIVERSITY HEALTH SYSTEM, INC., Morgantown, West Virginia, for Appellee Charles Town General Hospital.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julie Ann Hamstead commenced this action based on events that occurred during her protest on April 25, 2016, of the Fairfax Boulevard Green Corridor Project, a public construction project near her "commercial/residential" properties in Charles Town, West Virginia. Broadly, her complaint alleged that after she saw the demolition of the sidewalk in front of her neighboring properties, she visited the field office of the West Virginia Division of Highways ("WVDOH") and stated that she "intended to pursue action to stop the [p]roject," as she had been given no prior notice and parking issues at her properties needed to be resolved. The WVDOH employees responded that the project would continue. A few days later, on April 25, when concrete forms were being placed in front of her properties, Hamstead drove her Honda Pilot to the construction site and parked next to a construction truck, intending to find out when the concrete pour would take place.

When the construction truck's tire accidently hit the driver's door of her vehicle, the driver of the truck apologized, asserting that "he had not seen her parked there." A construction worker at the site called the police, and after they arrived at the scene, the passenger in the truck "falsely screamed out to [the police], 'she came in here like a bat outa hell and didn't stop.'" While Hamstead attempted to protest that version of the incident to one officer, two other officers spoke with a group of construction workers and WVDOH employees who together, as Hamstead alleged, "conspir[ed] to have [her] falsely charged with destruction of property." According to Hamstead, when she walked over to the group to participate in the discussion, State Trooper D.R. Walker grabbed her, placed her on the ground, and handcuffed her, causing her injuries and breaking her glasses. She

3

alleged that thereafter, the employees of the WVDOH and the construction company, along with the police officers, fabricated evidence by creating "skid marks in the gravel" to support their version of the accident. Eventually, Hamstead was taken to the hospital for treatment and then to the state police barracks, where she was charged with three misdemeanor offenses — destruction of property, disorderly conduct, and obstructing an officer.

At the trial on the charges, which took place in November 2017, three police officers, three construction company employees, two WVDOH employees, and a nurse from the hospital provided testimony about the events of April 25. Following trial, the magistrate judge dismissed the destruction of property count, but found Hamstead guilty of disorderly conduct and obstructing an officer. After Hamstead appealed the verdict, she entered into a plea agreement in which she agreed to a "no contest" plea on the disorderly conduct charge in exchange for the dismissal of the obstruction charge. The court accepted her plea, and Hamstead was accordingly convicted of disorderly conduct.

Hamstead commenced this action against virtually everyone involved in the April 25 incident, including healthcare providers. In addition to nine individuals, she named in her second amended complaint the City of Charles Town, the City of Ranson, the construction company, the construction company's paving subcontractor, and the Charles Town General Hospital. She alleged (1) a malicious prosecution and conspiracy to maliciously prosecute claim against the three police officers, the two WVDOH employees, and the three construction company employees; (2) an abuse of process claim against the same defendants, as well as the nurse from the hospital; (3) a battery and aiding and

4

abetting battery claim against the police officers, the WVDOH employees, and the construction company employees; (4) a Fourth Amendment excessive force claim against Trooper Walker; (5) a Fourth Amendment unreasonable search and seizure claim against Walker and the two other police officers; (6) a First Amendment retaliation claim against the police officers, the WVDOH employees, and the construction company employees; (7) negligence claims against two police officers, the WVDOH employees, one construction company employee, and the nurse; (8) a negligent infliction of emotional distress claim against all nine individual defendants; (9) an intentional infliction of emotional distress/tort of outrage claim against the nine individual defendants; (10) a respondeat superior claim against the City of Charles Town, the City of Ranson, the Charles Town General Hospital, the construction company, and its paving subcontractor; and (11) negligent hiring, training, and supervision claims against the same employers.

In a series of orders issued between May and September 2019, the district court granted the defendants' various motions to dismiss except with respect to Hamstead's claims against Trooper Walker for excessive force, unreasonable search and seizure, and negligent or intentional infliction of emotional distress. The court also issued a Rule 54(b) order, directing the entry of final judgment for all defendants dismissed from the case. From that judgment, Hamstead filed this appeal challenging the district court's various dismissal orders.

We have carefully reviewed the record and considered the briefs of the parties, and we now affirm substantially for the reasons given by the district court in its orders of May 7, 2019; May 30, 2019; June 7, 2019; and September 4, 2019. *See Hamstead v. Walker*,

5

No. 3:18-cv-79 (N.D.W.V.).  And in view of our decision, we deny the defendants' motion to supplement the record as moot.

AFFIRMED